------------------------------------------------------x

LAWRENCE FULTZ,
an individual,

          Plaintiff,

vs.

METAIRIE PROPERTIES, L.L.C.,

          Defendant.

------------------------------------------------------x

CASE NO.:

Judge:

Magistrate:

## **COMPLAINT**

"I now lift my pen to sign this Americans with Disabilities Act and say: Let the shameful wall of exclusion finally come tumbling down. God bless you all."

- President George H. W. Bush, July 26, 1990

Plaintiff, LAWRENCE FULTZ, by and through his undersigned counsel, hereby files this Complaint and sues METAIRIE PROPERTIES, L.L.C. (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## **JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, LAWRENCE FULTZ, (hereinafter referred to as "MR. FULTZ"), is a resident of Jefferson Parish, Louisiana. MR. FULTZ resides less than five (5) miles away from the

facility which is the subject of this action.

4. MR. FULTZ is a qualified individual with a disability under the ADA. MR. FULTZ is an amputee at the left leg from the hip down.

5. Due to his disability, MR. FULTZ is substantially impaired in several major life activities and requires a wheelchair for mobility or crutches for mobility.

6. Upon information and belief, DEFENDANT is a limited liability company organized in the State of Louisiana and doing business in Jefferson Parish.

7. Upon information and belief, DEFENDANT is domiciled at 911 Veterans Blvd., Suite 201, Metairie, Louisiana 70005.

8. Upon information and belief, DEFENDANT is the owner and/or operator of the real properties and improvements that are the subject of this action, to wit: American Plaza, located at 2330 Lapalco Boulevard, Harvey, Louisiana 70058. (hereinafter referred to as "the Property").

9. The Property is a small shopping center.

10. DEFENDANT is obligated to comply with the ADA.

11. All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Jefferson Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12. MR. FULTZ realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13. The Property is a place of public accommodation, subject to the ADA, generally located at:

2330 Lapalco Boulevard, Harvey, Louisiana 70058.

14. Upon information and belief, MR. FULTZ has visited the Property numerous times and desires to visit the Property again in the near future. MR. FULTZ lives less than five (5) miles away from the Property.

15. MR. FULTZ intends on continuing to visit the Property to visit the shopping center to patronize the restaurant known as New Orleans Food and Spirits which is located thereon.

16. During his visits, MR. FULTZ experienced serious difficulty accessing the goods and utilizing the services offered at the Property due to the architectural barriers which exist at the Property.

17. MR. FULTZ continues to desire to visit the Property, but fears that when he returns to the Property he will experience serious difficulty due to the barriers discussed in Paragraph 22 of the Complaint.

18. The barriers discussed below in Paragraph 22 are excluding MR. FULTZ from the goods, services, and accommodations offered the Property.

19. MR. FULTZ's last visit to the Property prior to filing this original Complaint was on or about April 5, 2016.

20. MR. FULTZ plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

21. MR. FULTZ presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

22. Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to

the following barriers which presently exist at the Property:

I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

A.     At the two accessible-designated parking spaces located near Brooklyn Avenue, there is a built up curb ramp which is projecting into the required access aisle of the accessible-designated parking spaces;

B.     The accessible-designated parking spaces are not marked with vertical signage;

C.     There are accessible-designated parking spaces with excessive slopes;

D.     The required accessible-route along the promenade of the Property contains an excessive cross slope; and

E.     Other current mobility-related barriers and violations of the Americans with Disabilities Act to be identified after a complete inspection of the Property.

23.     MR. FULTZ continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 22 are removed.

24.     MR. FULTZ intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

25.     Upon information and belief, all barriers to access and ADA violations still exist and have

not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

26. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

27. Upon information and belief, removal of the barriers to access located on the Property would provide MR. FULTZ with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

28. Upon information and belief, DEFENDANT has failed to adopt any alternatives to barrier removal which would provide MR. FULTZ with access to the accommodation which are offered for public use at the Property.

29. Independent of his intent to return as a patron to the Property, MR. FULTZ additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

30. MR. FULTZ has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. FULTZ demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A. That this Court declare that the Property owned, leased, and/or operated by

DEFENDANT is in violation of the ADA;

B.     That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MR. FULTZ; and

D.     That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
    Garret S. DeReus